# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jamillah A. Trainer

### DEFENDANTS
County of Delaware

**(b)** County of Residence of First Listed Plaintiff: Camden County NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert T Vance Jr, 100 South Broad Street, Suite 905, Philadelphia PA 19110. 215 557 9550

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964
Brief description of cause:
Employment discrimination - race and disability

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: None
DOCKET NUMBER: _____

DATE: 5/23/2023
SIGNATURE OF ATTORNEY OF RECORD: *(signed)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __New Jersey__

Address of Defendant: __Media, PA__

Place of Accident, Incident or Transaction: __Media, PA__

---

**RELATED CASE IF ANY:**
Case Number: __None__  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]  No [X]
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes [ ]  No [X]
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes [ ]  No [X]
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: __5/23/2023__   __/s/ Robert T Vance__   __37692__
                      Attorney-at-Law *(Must sign above)*    Attorney I.D. # (if applicable)

---

**Civil (Place a √ in one category only)**

**A. Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Wage and Hour Class Action/Collective Action
6. [ ] Patent
7. [ ] Copyright/Trademark
8. [X] Employment
9. [ ] Labor-Management Relations
10. [ ] Civil Rights
11. [ ] Habeas Corpus
12. [ ] Securities Cases
13. [ ] Social Security Review Cases
14. [ ] Qui Tam Cases
15. [ ] All Other Federal Question Cases. *(Please specify)*: _____

**B. Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)*: _____
7. [ ] Products Liability
8. [ ] All Other Diversity Cases: *(Please specify)* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, __Robert T Vance Jr__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[X] Relief other than monetary damages is sought.

DATE: __5/23/2023__   __/s/ Robert T Vance__   __37692__
                      Attorney-at-Law *(Sign here if applicable)*    Attorney ID # (if applicable)

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**United States District Court for the Eastern District of Pennsylvania**

| | | |
|---|---|---|
| Jamillah A. Trainer | : | |
| | : | |
| vs | : | Civil Action No. |
| | : | **Jury Trial Demanded** |
| County of Delaware | : | |

*Complaint*

Plaintiff, Jamillah A. Trainer, brings a series of claims against Defendant, County of Delaware, of which the following is a statement:

*Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 2000d-2. 2000e-5(f), this action being brought under 42 U.S.C. § 1983 ("Section 1983"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e, et seq. ("Title VII"), the Americans With Disabilities Act of 1990, as amended, Pub. L. 101-336, 42 U.S.C. § 12101 et seq. (the "ADA"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory practices of defendant. This Court may exercise supplemental jurisdiction over Ms. Trainer's state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this case occurred in this judicial district.

3. Ms. Trainer timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission,

received a Notice of Right to Sue ("NRTS") from the EEOC, and has commenced this action within 90 days of receipt of the NRTS.

### *The Parties*

4. Plaintiff, Jamillah A. Trainer, is an African American female citizen of the United States and a resident of the State of New Jersey.

5. Defendant, County of Delaware (the "County"), is a political subdivision of the Commonwealth of Pennsylvania with its principal place of business located in Media, Pennsylvania.

6. At all times relevant to this action, the County was an "employer" within the meaning of Section 1983, Section 1981, the ADA, Title VII, and applicable state law.

7. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by the County's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business and pursuant to defendant's official policies and customs.

### *Background Facts*

8. In March 2006, Ms. Trainer was hired as a Correctional Officer by the GEO Group, a for-profit entity that had been managing the George W. Hill Correctional Facility (the "Prison") in Thornton, Pennsylvania, since 1998. On or about April 6, 2022, the County took back complete control of the operations of the Prison.

9. In or around December 2021, Ms. Trainer and other GEO employees at the Prison received notice that GEO's contract with the County to operate the Prison would expire on April 5, 2022.

2

10. The notice stated that all GEO employees at the Prison were required to apply with the County in order to retain their jobs upon the expiration of the contract between GEO and the County.

11. In January 2022, Ms. Trainer applied for a position as a Correctional Officer with the County. Investigator George Rhoades interviewed Ms. Trainer for the position, and told her he was going to recommend that she be retained as a Correctional Officer at the Prison.

12. On November 28, 2020, Ms. Trainer took an approved leave of absence due to ongoing health concerns, including anxiety, depression, thyroid disease, cardiac issues.

13. In March 2022, Ms. Trainer returned to work at the Prison.

14. The County did not select Ms. Trainer for a Correctional Officer position at the Prison, or for any other position. However, at the time, Ms. Trainer had 16 years of experience as a Correctional Officer at the Prison and had never received any disciplinary action during that period. She was part of the Prison's Correctional Emergency Response Team, she was pepper ball and OC certified, Act 235 certified, and had served as the Master Control Operator.

15. The County selected less qualified non-Black applicants for the Correctional Officer position at the Prison, including those who had less years of experience as a Correctional Officer at the Prison.

16. By letter dated March 29, 2022, the County formally informed Ms. Trainer that she had not been selected for a Correctional Officer position at the Prison because "there were several highly qualified candidates for the position."

17. The County selected for Correctional Officer positions several White males, including Robert Cullen, John Omelchuk, and Zach Serody, who had taken various leaves of absence, including FMLA leave. However, defendant failed to select Ms. Trainer for a

Correctional Officer position, in part because she periodically took intermittent leave for her disabilities, while selecting these three (3) White males.

18. Mario Colucci, a White male who had been hired in 1996 by GEO as the Deputy Warden for the Prison, controlled the selection process and made the decision as to which applicants for a Correctional Officer position would be selected at the time the GEO-County contract expired. Mr. Colucci used his previous knowledge acquired by virtue of his position as the Deputy Warden to discriminated against Ms. Trainer and other Black applicants, many of whom at the time were serving as Correctional Officers.

19. Defendant discriminated against Black applicants, including Ms. Trainer, in connection with selecting who would be retained as a Correctional Officer at the Prison. Defendant pre-selected non-Black applicants to retain as Correctional Officers even before they had interviewed for the position. In fact, defendant issued a letter of hire to a non-Black applicant that was dated *prior* to the actual date of his interview. Moreover, after defendant closed the interview process, they opened it up again for the sole purpose of interviewing a non-Black applicant, who was interviewed and hired the same day. In fact, of the 28 Correctional Officers eligible for re-hire who were not selected, 26 are Black, despite the fact that the racial composition of the Correctional Officers is approximately 50% Black and 50% non-Black.

20. Upon the expiration of the GEO-County contract, the County retained Mr. Colucci as the Director of Investigations.

21. Ms. Trainer has been diagnosed with anxiety, depression, thyroid disease, cardiac issues, and long Covid-19, all of which constitute disabilities within the meaning of the ADA.

22. Defendant refused to select Ms. Trainer in part because of her disability, perceived disability or record of having been disabled, in violation of the ADA.

23. Defendant refused to select Ms. Trainer because of her race.

24. Ms. Trainer has suffered, is now suffering, and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination.

25. By reason of defendant's discrimination, Ms. Trainer suffered and will continue to suffer extreme harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

26. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Ms. Trainer's rights.

### *Count I*

*The Americans With Disabilities Act, 42 U.S.C. §12101 et seq.*

27. Plaintiff restates and realleges paragraphs 1-26, inclusive, as though set forth here in full.

28. Defendant discriminated against Ms. Trainer, a qualified individual with a disability, by failing to make reasonable accommodations to her known limitations, and by otherwise discriminating against her because of her disability, in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12111-12117.

29. Defendant's conduct was intentional, deliberate, willful and in callous disregard of Ms. Trainer's rights.

30. By reason of defendant's discrimination, Ms. Trainer is entitled to all legal and equitable relief available under the ADA.

### *Count II*

*<u>Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq.</u>*

31. Plaintiff restates and realleges paragraphs 1-29, inclusive, as though set forth here in full.

32. Ms. Trainer had a federal statutory right under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000d and 2000e et seq. ("Title VII"), to be accorded the same rights as were enjoyed by White employees and applicants with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship.

33. Defendant's conduct deprived Ms. Trainer of the rights, privileges and immunities guaranteed to her under Title VII.

34. By reason of defendant's discrimination and retaliation, Ms. Trainer is entitled to all legal and equitable relief available under Title VII.

### *Count III*

*<u>Pennsylvania Human Relations Act, 43 P.S. §951 et seq.</u>*

35. Plaintiff restates and realleges paragraphs 1- 34, inclusive, as though set forth here in full.

36. Defendant's actions and omissions described above, because of her race and disability, violated the Pennsylvania Human Relations Act ("PHRA").

37. Defendant's conduct described above deprived Ms. Trainer of the rights, privileges and immunities guaranteed to her under the PHRA.

38. By reason of defendant's discrimination, Ms. Trainer is entitled to all legal and equitable relief available under the PHRA.

6

### *Jury Demand*

39. Ms. Trainer hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

Wherefore, Plaintiff, Jamillah Trainer, respectfully prays that the Court:

a. adjudge, decree and declare that defendant engaged in illegal discrimination, and that the actions and practices of defendant complained of herein are violative of her rights under Title VII, the ADA, and the PHRA;

b. order defendant to provide appropriate job relief to Ms. Trainer, including reinstatement;

c. enter judgment in favor of Ms. Trainer and against defendant for all available remedies and damages under law and equity, including, but not limited to, back pay, front pay, past and future mental anguish and pain and suffering, in amounts to be determined at trial;

d. order defendant to pay the attorney's fees, costs, expenses and expert witness fees of Ms. Trainer associated with this case;

e. grant such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable; and

f. retain jurisdiction until such time as the Court is satisfied that defendant has remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

_____
Robert T Vance Jr
Law Offices of Robert T Vance Jr
100 South Broad Street, Suite 1525
Philadelphia PA 19110
215 557 9550 tel / 215 278 7992 fax
rvance@vancelf.com

*Attorney for Jamillah Trainer*