IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMILLAH A. TRAINER**, <br><br> Plaintiff, <br><br> *v.* <br><br> **COUNTY OF DELAWARE**, <br><br> Defendant. | **CIVIL ACTION** <br><br><br> **NO. 23-1940-KSM** |

**MEMORANDUM**

**Marston, J.**                                                                                                    **May 6, 2024**

Before the Court is Defendant County of Delaware's (the "County") motion to seal a spreadsheet indicating the race of County employees working at the George W. Hill Correctional Facility (the "Facility"). (Doc. No. 21.) Plaintiff Jamillah A. Trainer does not oppose the motion. (*Id.* at 2.) For the reasons that follow, the Court grants the motion.

I.    Background

Plaintiff filed her complaint in this matter on May 5, 2023, alleging employment discrimination pursuant to the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and the Pennsylvania Human Rights Act. (Doc. No. 1.) Plaintiff, an African American female, worked as a correctional officer at the Facility prior to the County's takeover of Facility operations in April 2022. (*Id.* at ¶¶ 4, 8, 9.) Facility employees, like Plaintiff, were notified that they would have to reapply with the County to retain their jobs at the Facility following the transition. (*Id.* at ¶ 10.) In January 2022, Plaintiff applied for a position as a correctional officer, but was not rehired. (*Id.* at ¶¶ 11, 14.) She claims she was denied the

position because of her race and disability. (*Id.* at ¶¶ 19, 22.) On March 11, 2024, the County filed a motion for partial summary judgment. (Doc. No. 17.) As part of their motion, the County submitted an affidavit which attached a chart summarizing Facility race data and detailing the number and percentages of correctional officers, lieutenants, and sergeants by race. (Doc. No. 17-23.) This chart was not filed under seal. However, the County seeks to file under seal the data from which the summary chart was produced—namely, a spreadsheet of named correctional officers and other staff, which lists each employee's race or ethnicity, interview date, interviewer, start date, etc. (Doc. No. 21.) The race field was produced from information disclosed by employees in their new hire paperwork voluntarily under the promise of confidentiality. (Doc. No. 21-1 at 2.)

## II.     Legal Standard

When a party seeks to seal judicial documents, the Court analyzes the motion under both the common law and the First Amendment doctrines of presumptive right of access to the document. *See McCowan v. City of Philadelphia*, No. 2:19-CV-03326-KSM, 2021 WL 3737204, at *3 (E.D. Pa. Aug. 24, 2021) (analyzing the parties' motion to seal under both doctrines). When a discovery document becomes a judicial record, the common law presumption of the right of public access attaches. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("A 'judicial record' is a document that has been filed with the court or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.") (quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("We believe that our earlier decisions and those in other courts lead ineluctably to the conclusion that there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material

filed in connection therewith."). "This right antedates the Constitution, and promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Wartluft v. Milton Hershey Sch.*, Civil No. 1:16-CV-2145, 2019 WL 5394575, at *4 (M.D. Pa. Oct. 22, 2019) (cleaned up). Because the County's document will be filed as part of the County's summary judgment materials, it is a "judicial record" to which the common law right of access attaches.

However, this right is not absolute and may be rebutted by a showing that an "interest in secrecy outweighs the presumption." *In re Avandia*, 924 F.3d at 672. To meet this burden, the party requesting the sealing order must demonstrate that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (quotation marks omitted).

In addition to the common law right of access, which attaches to all judicial records, the public also has a First Amendment right of access in civil trials, which attaches to certain judicial documents. *Id.* at 673; *see also McCowan*, 2021 WL 3737204, at *4 (holding that the First Amendment right of public access is implicated by a motion to seal summary judgment materials). The First Amendment right of access presents an even higher burden than the common law right of access, and the party requesting that trial documents be sealed must overcome strict scrutiny. *Id.* Specifically, the party must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

Under either the common law or First Amendment standard, when a court analyzes a request for a sealing order, it must do so on a document-by-document basis, and the proponent of

3

the sealing order must articulate with specificity the injury that would result if the particular document or parts of it were made public. *Id.*

### III. Analysis

Here, as discussed, the County seeks to seal a spreadsheet of sensitive data disclosed by Facility employees on the condition of confidentiality. (Doc. No. 21-1.) The County argues that the common law right of access and the First Amendment right of access have been overcome because disclosure of the spreadsheet would not impact public health and safety, because the individuals who disclosed their race data are innocent non-parties, because the EEOC recognizes the importance of the confidentiality of these individual disclosures, and because the County would be seriously injured by disclosure in that it would lose the integrity and trust of the employer-employee relationship. (*Id.* at 5-7.)

The Court's *in camera* review of the County's spreadsheet confirms that the file includes a variety of personal identifying information, such as each employee's full name, race or ethnicity, personal number, job title, interview date, interviewer, start date (if applicable) and termination date (if applicable). The Court finds that the personal identifying information of nonlitigants is "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury" on nonparties, such that the common law presumption of access is overcome. *See Wartluft*, 2019 WL 5394575, at *3 (granting intervenor's motion to unseal judicial records, "subject to the redaction of the names and/or identifying information of third parties in order to protect those individuals' privacy interests"); *Del Nero v. NCO Fin. Sys., Inc.*, No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021) (granting motion to seal to the extent it sought redactions of the movant's home and email addresses, the disclosure of which could subject him to continued death threats); *Three Bros. Supermarket Inc.*

*v. United States*, Civil Action No. 2:19-cv-2003-KSM, 2020 WL 5749942, at *5 (E.D. Pa. Sept. 25, 2020) (granting sealing order after finding that "public disclosure of Tejada's and other individuals' full names, social security numbers, account numbers, household numbers, birthdates, and private addresses would harm those individuals' privacy and financial interests"); *cf. United States ex rel. Brasher v. Pentec Health, Inc.*, 338 F. Supp. 3d 396, 402 (E.D. Pa. 2018) ("Courts considering requests to keep certain documents sealed have, in general, lifted the seal on the entire record except for specific documents that . . . harm non-parties."). A review of the data proposed to be filed under seal reveals sensitive information such as an employee's race, full name, and dates of employment. In addition, these disclosures regarding race were made under the auspices of confidentiality, and any relevant inferences to be drawn from the data are summarized in a chart already disclosed publicly as an exhibit to the County's summary judgment motion (*see* Doc. No. 17-23). For those reasons, we find that the County has overcome the common law presumption of public access.

Second, we find that the County's proposed order to seal meets the strict scrutiny standard under the First Amendment right of access. To overcome the First Amendment hurdle, the County must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Avandia*, 924 F.3d at 673 (cleaned up). As discussed above, the proposed spreadsheet includes personal identifying information of *nonlitigants*. And this personal identifying information is of minimal relevance to the substantive issues for which the County likely intends to rely on this spreadsheet—to show the percentage of correctional officers and other Facility staff by race or ethnicity—especially because the County has separately filed a summary of such race data (*see* Doc. No. 17-23). Given the collateral nature of this information, its sealing only

marginally affects the public's right to access materials filed in relation to judicial proceedings. *See Mosaid Tech. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012) (allowing redactions of confidential financial and licensing information because it "is the type of information which, while largely incidental to the substantive issues in this case, could cause real and serious harm to the parties' future negotiations if disclosed to competitors").

In addition, sealing this information and providing a summary chart represents the least restrictive means available to protect the privacy interests at stake. *See Carson v. N.J. State Prison*, Civil Action No. 17-6537(RMB), 2018 WL 4554465, at *2 (D.N.J. Sept. 21, 2018) ("The public interest in victims coming forward to assist in prosecution of crime is likely to suffer if victims' privacy rights are not protected. Sealing the documents filed in this action that are replete with victim identifying information is the least restrictive means available to protect the public and private interests at stake."); *cf. Del Nero*, 2021 WL 2375892, at *2 ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal."). Here, the spreadsheet is replete with personally identifying information, whereas the only relevant information is the total number of persons who identify as a particular race or ethnicity. The County has already publicly filed an exhibit detailing the number and percentages of all Facility correctional officers, lieutenants, and sergeants who identify as each race or ethnicity. (*See* Doc. No. 17-23.) As such, sealing the spreadsheet while publicly providing the most salient information is the least restrict means available to protect the privacy interests.

### IV.    Conclusion

For the foregoing reasons, the motion to seal is granted. An appropriate Order follows.